AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### RECEIVED
for the

Middle District of Alabama

2019 FEB 11 A 11: 44

In the Matter of the Search of
*(Briefly describe the property to be searched*
*or identify the person by name and address)*

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Case No. 2:19mj36-SMD

Motorola cell phone, with a sim card, labeled with model
number MB810, 8JUG5853BB, MSN: K566NS247J.
MEID HEX: A000002253EEBB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Motorola cell phone, with a sim card, labeled with model number MB810, 8JUG5853BB, MSN: K566NS247J. MEID HEX: A000002253EEBB

located in the _____ Middle _____ District of _____ Alabama _____, there is now concealed *(identify the person or describe the property to be seized)*:

controlled substances, materials and documents reflecting the distribution of controlled substances through the U.S. Mails, including money and/or monetary instruments consisting of payment and/or proceeds relative to the distribution of controlled substances

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1) and 843(b) | Controlled Substances Act |

The application is based on these facts:
See attached affidavit (ATTACHMENT 1) incorporated herein by reference and made part of this application.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

J. D. Tynan, Postal Inspector
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __2/11/19__ __11:22 am__

_____
*Judge's signature*

City and state: Montgomery, AL

Stephen M. Doyle, U.S. Magistrate Judge
_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF<br><br>Motorola cell phone, with a sim card, labeled with model number MB810, 8JUG5853BB, MSN: K566NS247J. MEID HEX: A000002253EEBB<br><br>CURRENTLY LOCATED AT THE UNITED STATES POSTAL INSPECTION SERVICE, 135 CATOMA STREET, MONTGOMERY, ALABAMA 36104 | Case No. 2:19MJ36-SMD |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, James D. Tynan, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in the possession of law enforcement, and which is described in Attachment A, and the extraction from that property of electronically stored information described in Attachment B.

2.      I have been a United States Postal Inspector for approximately 16 years. I am currently assigned to the U.S. Postal Inspection Service Office in Montgomery, Alabama. I investigate incidents where the United States Mail is used for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, heroin, and steroids

in violation of Title 21, United States Code, Sections 841(a)(1) and 843(b), and substances

mailed in violation of Title 18, United States Code, Section 1716.  During my law enforcement

career, I have attended narcotics training classes and participated in multiple drug seizures where

I have become familiar with the odor of marijuana.  I have participated in search warrants and

arrests where various illegal drugs have been recovered and documented.  The following

information has been obtained by me personally or has been provided to me by other law

enforcement officers and postal employees.

3.      This affidavit is intended to show only that there is sufficient probable cause for

the requested warrant and does not set forth all of my knowledge about this matter.

### IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4.      The property to be searched is:

Motorola cell phone, with a sim card, labeled with model number MB810,

8JUG5853BB, MSN: K566NS247J. MEID HEX: A000002253EEBB,

hereinafter the "Device."  The Device is currently stored in the evidence room located at the

United States Postal Inspection Service, 135 Catoma St., Montgomery, AL 36104.

5.      The applied-for warrant would authorize the forensic examination of the Device

for the purpose of identifying electronically stored data particularly described in Attachment B.

### PROBABLE CAUSE

6.      On June 1, 2016, Postal Inspector Charlie Tutor conducted a routine inspection of

incoming Express Mail at the Montgomery, Alabama, Processing and Distribution Center.

Inspector Tutor, detained Express Mail parcel EL329933214US for further inspection.  The

parcel was mailed on May 31, 2016, from Lemon Grove, California and was addressed to James

Smith, 3203 Cotton Street. Montgomery, AL 36110, and had a return address of Jorge Garcia,

2

4078 Gamma Street, San Diego, CA 92113. Inspector Tutor conducted a computerized address

check via CLEAR (internet based records search databases) and the surname of Garcia is not

associated with 4078 Gamma St., San Diego, CA 92113. The surname Smith was not associated

with 3203 Cotton St., Montgomery, AL 36110. Inspector Tutor contacted the current resident at

4078 Gamma Street, San Diego, CA and she informed him that no one with the last name Garcia

lived at the address and she did not send a package to Alabama from her residence. Two phone

numbers, (334) 525-3624 and (334) 715-3462 were listed on the parcel. Both phone numbers

were found to be disconnected. Based on my training and experience, persons involved in the

distribution of controlled substances via the U.S. Mail will use fictitious address information or

address packages to vacant residences as well as send packages with a waiver of signature

request, or use partial names in an attempt to disassociate themselves from the controlled

substances.

7.    On Jlune 2, 2016, search warrant, 2:16mj-88-TFM, was obtained for the suspect

parcel. The search warrant was executed at approximately 10:30 a.m. The parcel was found to

contain approximately 4.7 ounces of suspected methamphetamine. The substance was tested

using a NIK U and it tested positive for methamphetamines[1]. Inspector Tutor unsuccessfully

attempted to make contact with the recipients on June 3, 2016, at 3203 Cotton Street,

Montgomery, AL. Inspector Tutor informed the Lagoon Park Post Office, Montgomery, AL, to

contact him if anyone inquired about the parcel.

8.    On Monday, June 6, 2016, Inspector Tutor was contacted by a supervisor at the

Lagoon Park Post Office and was informed a male who identified himself as James Smith, called

[1] In a report dated August 23, 2017, the U.S. Postal Inspection Service Forensic Lab confirmed the substance was 96.5 grams of methamphetamine with 83% purity.

3

the post office and inquired about the package. Inspector Tutor instructed the supervisor to inform the male he could pick the package up at 3:30 p.m. Inspector Tutor, Montgomery Police Department Narcotics Agents, ATF Agents conducted surveillance at the post office. At approximately 4:55 p.m., two vehicles arrived at the post office to retrieve the parcel. One subject, John Wheeler, exited a vehicle driven by Kaila Bringhurst and entered the post office. The second vehicle was driven by Tracy Horton and occupied by Keith Spells. Wheeler identified himself as James Smith and requested the suspect parcel. Wheeler took possession of the parcel and exited the post office.

9.      All four subjects were detained outside the post office and transported to the Montgomery Police Department. Inspector Tutor interviewed the subjects about their involvement in the drug parcel. Wheeler admitted to having information stored on his phone related to the suspect parcel. Wheeler claimed he was picking up the parcel for a subject known as "TD." Wheeler claimed "TD" contacted him via cell phone. Spells admitted to being at the post office with the intention of buying methamphetamine from Wheeler. Spells admitted to communicating with Wheeler via cell phone. Horton and Bringhurst admitted to being methamphetamine users and they also communicated with Spells via cell phone. They all admitted their cell phones could contain information related to narcotics.

10.      The device is currently being held in evidence at the United States Postal Inspection Service, 135 Catoma Street, Montgomery, AL 36104. The device has already been searched via a search warrant issued by U.S. Magistrate Judge Terry F. Moorer under case 2:16mj98-TFM. Inspector Tutor stated in his report to the U.S. Attorney's Office that there were text messages which showed:

a.   Wheeler's girlfriend attempted to talk him out of picking up the parcel;

4

b.   Wheeler and Spells discussed the parcel;

c.   Wheeler sent Spells the tracking number for the parcel;

d.   Wheeler communicated with the phone numbers in AZ and CA about narcotics;

e.   Wheeler discusses prostitution matters (Wheeler has a prior conviction related to prostitution);

f.   Wheeler and Bell discussed the tracking information for the parcel;

g.   Spells discussed other drug deals; and

h.   Horton had texts related to the sale of drugs.

11.    On or about October 26, 2016, Inspector Tutor submitted the case to the U.S. Attorney's Office for prosecution.  Unfortunately, the cell phone extraction submitted to the U.S. Attorney's Office was misplaced.   As of this date, the Postal Inspection Service does not possess a copy of the extracted data from the cellphones.

12.    In my training and experience, I know that the device has been stored in a manner in which its contents are to the extent material to this investigation in substantially the same state as they were when the devices first came into the possession of the United States Postal Inspection Service.

## TECHNICAL TERMS

13.    Based on my training and experience, I use the term "wireless telephone" to convey the following meaning: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless

telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

14.     Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, and GPS navigation device. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

15.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

16.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

6

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

17. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent

7

with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

18.    *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

19.    I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

J. D. Tynan
United States Postal Inspector

Subscribed and sworn to before me on
this 11th day of February, 2019.

Stephen M. Doyle
United States Magistrate Judge

8

## ATTACHMENT A

### DESCRIPTION OF LOCATION TO BE SEARCHED

The property to be searched is;

1. Motorola cell phone, with a sim card, labeled with model number MB810, 8JUG5853BB, MSN: K566NS247J. MEID HEX: A000002253EEBB,

hereinafter referred to as the "Device." The Device is currently stored in the evidence room located at the United States Postal Inspection Service, 135 Catoma Street, Montgomery, Alabama 36104.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

### DESCRIPTION OF ITEMS TO BE SEIZED

1.      All records on the Device described in Attachment A that relate to violations of 21 U.S.C. § 841(a), possession with intent to distribute a controlled substance, prostitution and which involve John Wheeler, Kaila Bringhurst, Tracy Horton, and Keith Spells: All stored electronic and wire communications and information in memory on the mobile device, including email, instant messaging, text messages, or other communications, contact lists, images, videos, travel records, information related to the trafficking of narcotics and any other content or records on the phone.

2.      Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.